**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4175**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ANDRE DEMONTIO MCNEIL,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (4:09-cr-00037-F-1)

Submitted:  September 27, 2011      Decided:  October 6, 2011

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Mary J. Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Demontio McNeil pleaded guilty to possession of cocaine base, in violation of 21 U.S.C. § 841(a) (2006). The district court sentenced McNeil to 120 months of imprisonment, based on the statutory mandatory minimum sentence applicable to a defendant who has sustained a prior felony drug offense. See 21 U.S.C. § 841(b)(1)(B) (2006), current version at 21 U.S.C.A. § 841(b)(1)(B) (West Supp. 2011). McNeil timely appealed, and argues that his prior North Carolina conviction did not qualify as a predicate felony offense to increase the statutory penalties. For the reasons that follow, we affirm McNeil's conviction, but vacate the sentence and remand for resentencing.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

2

Under 21 U.S.C. § 841(b)(1)(B) (2006), a defendant is subject to a statutory mandatory minimum term of imprisonment of five years unless he has sustained a prior conviction for a felony drug offense, in which case the statutory mandatory minimum becomes ten years of imprisonment. A felony drug offense is defined as an "offense punishable by imprisonment for more than one year under any law . . . of a State." 21 U.S.C. § 802(44) (2006).

Here, McNeil's prior conviction was for possession of marijuana, a Class I felony under North Carolina law. Moreover, at the time of his conviction, McNeil's prior record level was I, and the sentencing court found that he should be sentenced within the presumptive range of the applicable sentencing table under N.C. Gen. Stat. § 15A-1340.17(c) (2007). Under North Carolina law, McNeil faced a maximum term of imprisonment of eight months. See N.C. Gen. Stat. § 15A-1340.17(d) (2007). Therefore, McNeil could not have received a term of imprisonment exceeding twelve months for this prior conviction.

In United States v. Simmons, 2011 WL 3607266 (Aug. 17, 2011) (en banc), we determined that an offense is not punishable by a term exceeding one year of imprisonment if the defendant could not have actually received more than one year of imprisonment for that offense, based on his prior criminal history and other factors. As McNeil could not have received a

3

term exceeding one year of imprisonment for his prior offense, he did not have a qualifying predicate offense to increase the statutory penalties under § 841(b)(1)(B). Because the advisory Guidelines range was determined based on the statutory mandatory minimum of 120 months, see U.S. Sentencing Guidelines Manual § 5G1.1 (2010), McNeil was sentenced based on an incorrect Guidelines calculation and an inapplicable statutory mandatory minimum. Thus the sentence is procedurally unreasonable.

Accordingly, we affirm McNeil's conviction, but vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

4